IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELMER WILLIAMS )<br>    Petitioner )<br> ) <br>vs. )<br> )<br>FRANKLIN J. TENNIS, Warden, et al., )<br>    Respondents. ) | C.A. No. 06-93 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MEMORANDUM ORDER

### Procedural History

On April 25, 2006, Petitioner Elmer Williams filed the instant petition for writ of habeas corpus. This matter was assigned to United States District Judge Sean J. McLaughlin and was referred to United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On January 9, 2007, Magistrate Judge Baxter issued a Report and Recommendation recommending that the petition be denied as it was barred by the statute of limitations of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(d)(1). Document # 7. AEDPA provides: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." 28 U.S.C. § 2244(d)(1). This period begins to run in this case from "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*." Id. § 2244(d)(1)(A) (emphasis added).

Magistrate Judge Baxter explained that Williams's habeas petition was untimely because he filed it more than one year after his judgment of sentence became final.[1] Williams filed

---

[1] In so holding, Magistrate Judge Baxter properly tolled the limitations period during the time in which Williams's PCRA petition was pending in state court, pursuant to 28 U.S.C. § 2244(d)(2).

1

Objections to the Report and Recommendation arguing that Magistrate Judge Baxter incorrectly determined the date upon which his judgment of sentence became final under 28 U.S.C. § 2244(d)(1)(A).  Document # 11.  Thus, he argues, his petition is timely.

### *De Novo* Review

Magistrate Judge Baxter determined that Williams's judgment of sentence became final on Thursday, March 25, 2004.  She reached that determination by explaining that, on February 13, 2004, the Honorable Ernest J. DiSantis, Jr., of the Court of Common Pleas of Erie County accepted Williams's plea to rape and related charges and sentenced him to a term or imprisonment.  Williams filed a motion to modify his sentence, which Judge DiSantis denied on February 23, 2004.  Pursuant to Rule 903 of the Pennsylvania Rules of Appellate Procedure, Williams had thirty days to file an appeal with the Superior Court of Pennsylvania.  Accordingly, he had until Thursday, March 25, 2004 to file an appeal.  Pa.R.App.P. 903.  He did not file an appeal.  As a result, under the express terms of AEDPA, his judgment of sentence became final on March 25, 2004, because that is the date his time for seeking direct review expired.  28 U.S.C. § 2244(d)(1)(A).

Williams contends that, in calculating when his judgment of sentence became final, the Court must tack on an additional ninety days beyond March 25, 2004 to account for a time period in which he purportedly could have filed a petition for writ of certiorari in the United States Supreme Court.  There is no merit to this argument.  He never filed a direct appeal to the Superior Court of Pennsylvania, and never received an adverse judgment from that court from which he could have sought review in the Supreme Court of Pennsylvania.  Only upon receiving an adverse judgment from the Supreme Court of Pennsylvania would Williams have had the opportunity to file a petition for writ of certiorari in the United States Supreme Court.  Because he never filed a direct appeal at all, there is no basis whatsoever for considering the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.

In support of his Objections, Williams cites to cases such as Kapral v. United States, 166

F.3d 565 (3d Cir. 2000), in which the court determined that a prisoner's judgment of sentence became final for the purposes of AEDPA when, but not before, the ninety-day period for seeking a writ of certiorari with the United States Supreme Court expired.  But the holding in Kapral (the controlling authority in the Third Circuit) is applicable when a prisoner has challenged his judgment of sentence on direct review to the highest appellate court available prior to United States Supreme Court review, not when, as is the case here, no direct appeal was filed. Therefore, Kapral does not support Williams's position, and in fact affirms that the Magistrate Judge properly calculated the date on which his state judgment of sentence became final.

In Kapral, the movant, Michael Kapral, pleaded guilty to federal charges and was sentenced to a term of imprisonment.  166 F.3d at 567.  Unlike in this case, where Williams did not challenge the trial court's judgment of sentence, Kapral filed an appeal to the United States Court of Appeals for the Third Circuit.  Id.  On February 13, 1996, the Third Circuit Court affirmed.  Id.  Kapral did not, however, file a petition for writ of certiorari with the Supreme Court of the United States.  Id.

Kapral later filed a federal habeas petition.[2]  The district court denied Kapral's habeas petition as untimely under AEDPA.  In calculating the date his judgment of sentence became final, the district court did not include the ninety-day time period in which Kapral could have filed a petition for writ of certiorari in the Supreme Court from the court of appeals' decision on direct review affirming his judgment of sentence.  On appeal of the district court's denial of Kapral's habeas petition, the Third Circuit Court held that the district court erred.  It instructed that to calculate the date upon which a judgment became final for the purposes of AEDPA, the

---

[2] Kapral was a federal prisoner, and so his habeas petition was filed pursuant to 28 U.S.C. § 2255.  That statute, like the federal habeas statute that applies to state prisoners, was amended by AEDPA in 1996 to include a one-year statute of limitations that runs from the date a defendant's judgment of sentence becomes final.  Compare, 28 U.S.C. § 2255 (federal prisoners), with 28 U.S.C. § 2244(d)(1)(A) (state prisoners).  The Third Circuit Court in Kapral held that its holding applied to the definition of "final" judgments under both § 2255 and § 2244(d)(1)(A). 166 F.3d at 574-75.  And, subsequent to that decision, the Third Circuit Court has applied the definition of "final judgment" announced in Kapral to § 2241(d)(1)(A).  See e.g., Swartz v. Meyers, 204 F.3d 417, 419, 421 n.4 (3d Cir. 2000) (citing Kapral, 166 F.3d at 574-77).

district court must include the ninety-day time period in which the petitioner could have filed a petition for writ of certiorari in the Supreme Court *following its (the court of appeals') previous denial of his direct appeal*.[3] Id. at 571.

The Third Circuit Court in Kapral also held that if a prisoner does not pursue a timely direct appeal to an appellate court challenging the trial court's judgment of sentence, the judgment becomes final for purposes of AEDPA "*on the date on which the time for filing such an appeal expired*." Id. at 577 (emphasis added).  Thus, as the Magistrate Judge determined in the instant case, Williams's judgment of sentence became final on the date on which he could have filed an appeal with the Superior Court expired.  Id.; accord Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (noting that, because the petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed) (overruled on other grounds, Carey v. Saffold, 536 U.S. 214 (2002)).

In conclusion, contrary to Williams's Objections, the Magistrate Judge correctly determined the date upon which his judgment of sentence became final and correctly determined that his petition for writ of habeas corpus is untimely.

---

[3] In so holding, the Third Circuit Court explained that, because its previous decision affirming Kapral's judgment of sentence was subject to further review in the United States Supreme Court for ninety days, that decision was not "final" until that ninety days had expired.  Id. at 571.  It stated:

> We find,… that AEDPA's purpose is best furthered by an interpretation of § 2255 that recognizes the legal reality that the decision of a court of appeals is subject to further review, and therefore not "final" under Section 2255 until direct review has been completed.  Recognizing that one is allowed 90 days to file a petition for certiorari does not mitigate the congressional objective of imposing time limits where none previously existed. . . .  In short, although a defendant has no review as of right in the Supreme Court after a conviction is affirmed on direct review, a defendant does have a right to petition for that review.  Thus, we think the district court drew too fine a line in distinguishing between review as of right and discretionary review for purposes of defining "final" under § 2255.

Id.  The Third Circuit Court further explained that any holding to the contrary would invite simultaneous proceedings in the United States Supreme Court and district court which "would only impair the orderly administration of criminal proceedings."  Id. at 572.

AND NOW, this 29th day of January, 2007;

Following a *de novo* review of the pleadings and record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter be adopted as the opinion of this Court.

IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

                                                                                            s/       Sean J. McLaughlin
                                                                                                      Unites States District Judge

cm:    All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge